UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL LOSKOT,<br><br>            Plaintiff,<br><br>     v.<br><br>ANNIE'S PANDA GARDEN; SHIH KUN WANG and HONG YING WANG, as Co-Trustees under that certain DECLARATION OF TRUST executed September 21, 1993; and SU NI ZHENG, an individual dba ANNIE'S PANDA GARDEN,<br><br>            Defendants. | No.  2:13-CV-00213-JAM-JFM<br><br>**ORDER AWARDING FEES AND COSTS** |

   Plaintiff Marshall Loskot ("Plaintiff") sued Defendants' restaurant for architectural barriers allegedly violating the Americans with Disabilities Act ("ADA") and California law.  The parties settled pursuant to a Federal Rule of Civil Procedure 68 offer.  Plaintiff now moves for fees and costs.[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 6, 2015.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff visited Defendants' restaurant on multiple occasions in 2012. Compl.(Doc. #2) ¶ 2. After sending a letter advising of architectural barriers he encountered as a person who uses a wheelchair and receiving no response, Plaintiff brought suit seeking injunctive relief and statutory damages. Compl. ¶ 20. The parties filed no motions, but engaged in negotiations and settled the claims as to injunctive relief. See Frankovich Decl. (dated January 15, 2015) Exh. A. Following the pretrial conference, Defendants also extended an offer of judgment as to damages under Federal Rule of Civil Procedure 68 (Doc. #23), which Plaintiff accepted (Docs. ##24, 26). Plaintiff now moves for an award of fees and costs consistent with that Rule 68 agreement (Doc. #31). Defendants oppose the motion (Doc. #35).

II.   OPINION

Defendants oppose Plaintiff's fee application on two grounds: first, that the parties entered into a prior settlement inclusive of attorney's fees and costs, and second, that attorney Thomas E. Frankovich's hourly rate is too high.

A.   Prior Settlement of Attorney's Fees

The Court interprets a settlement agreement "according to the objective intent of the parties." Gallagher v. San Diego Unified Port Dist., 2009 WL 2781553, at *11 (S.D. Cal. Aug. 31, 2009) (citing Botefur v. City of Eagle Point, Or., 7 F.3d 152 (9th Cir. 1993)). The parties here have evidenced an objective intent that the issue of attorney's fees be resolved by this Court pursuant to Plaintiff's fee application. Defendants'

2

1   assertion that the parties entered into a prior agreement is
2   unsupported.  They provide a May 2014 email from Mr. Frankovich's
3   legal assistant stating, "This is ti [sic] verify that the case
4   has settled for $8750, we will send a General Release. [sic]"
5   See Opp. Exh. A.  Defendants' claim that this settlement amount
6   was memorialized in October 2014, see Opp. at 2, but the document
7   they provide does not reference this $8750 and instead states
8   that "[a]ttorneys' fees, costs and litigation expenses remain
9   before the Court."  Mot. Exh. at 3.  Furthermore, the parties
10  later entered into the Rule 68 agreement that provides, "the
11  parties have agreed to resolve the issues of attorney's fees cost
12  and litigation expenses by a fee application."  Doc. #26 at 1.
13  The Court therefore concludes that the parties have evidenced an
14  objective intent to resolve the issue of fees by this fee
15  application.

16      B.   Hourly Rates

17       The parties apparently agree that the loadstar method is
18  appropriate for calculating fees in this case.  See Hall v. City
19  of Fairfield, 2014 WL 1286001, at *3 (E.D. Cal. Mar. 31, 2014)
20  (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70
21  (9th Cir. 1975)).  Plaintiff has requested that Mr. Frankovich's
22  hourly rate be set at $400 per hour.  See Mot. at 10.  Defendants
23  argue that the prevailing rate in the Sacramento community for
24  ADA cases is $250 per hour.  Opp. at 2.

25       "A court awarding attorney fees must look to the prevailing
26  market rates in the relevant community."  Bell v. Clackamas Cty.,
27  341 F.3d 858, 860 (9th Cir. 2003).  The prevailing rate for an
28  ADA barriers case in Sacramento for an experienced attorney such

3

as Mr. Frankovich is $300.  See Johnson v. Allied Trailer Supply, 2014 WL 1334006, at *6 (E.D. Cal. Apr. 3, 2014); Jones v. Cty. Of Sacramento, 2011 WL 3584332, at *6 (E.D. Cal. Aug. 12, 2011).

The Court has considered Mr. Frankovich's experience and reputation, but finds $400 per hour to be excessive.  A rate of $400 is generally reserved for "complicated civil rights cases litigated by attorneys with thirty or more years of experience." See Johnson, 2014 WL 1334006, at *5 (collecting cases); Jones, 2011 WL 3584332, at *6 (finding that $350 was reasonable for an attorney with more than twenty years of experience in a police brutality case with multiple claims and defendants that proceeded to trial).  In contrast, this ADA case was not complicated. Accord Yates v. Vishal Corp., 2014 WL 572528, at *6 (N.D. Cal. Feb. 4, 2014) (characterizing Mr. Frankovich's ADA practice to include "simple" cases which he has "reduced . . . to a kind of routine") (quotation marks omitted); see Joint Pretrial Statement at 3:6 (noting that this case arose from "nearly identical ADA deficiencies" as a previous case litigated by a different plaintiff).  The Court also declines to go as low as $250, because Defendants have not provided a comparable case or other evidence that $250 per hour is an appropriate rate.  Defendants cite Loskot v. D&K Spirits, LLC, 2011 WL 567364 (E.D. Cal. 15, 2011), but that case held that $250 per hour was reasonable because the matter had resolved by default judgment.  See id. at *5.  The Court therefore calculates Mr. Frankovich's loadstar at $300 per hour.

///

///

C. <u>Other Aspects of the Fee Application</u>

Defendants do not challenge any other aspects of the fee application. The Court has reviewed the breakdown of the hours billed, the rates billed for Mr. Frankovich's paraprofessionals, the enumerated costs, and the other aspects of the fee application, and finds them to be reasonable.

### III.   ORDER

For the reasons set forth above, the Court awards Plaintiff reasonable attorney's fees and costs in the following amounts:

Fees:     $13,302

Costs:    $ 1,930

Total:    $15,232

IT IS SO ORDERED.

Dated: May 11, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE